UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

ERVAN RONNELL HERRING,

        Defendant.

Case No.  CR02-5533L

RE-SENTENCING ORDER

## I. INTRODUCTION

This matter comes before the Court on defendant's "Motion to Schedule Re-Sentencing Hearing" (Dkt. # 121).  On January 9, 2004, this Court sentenced Herring to a term of imprisonment of 105 months upon his conviction of being a felon in possession of a firearm, pursuant to the federal Sentencing Guidelines.  Because Herring possessed a stolen gun, his sentencing range was altered from a range of 70 to 87 months to an enhanced range of 84 to 105 months.  On November 19, 2004, the Ninth Circuit of Appeals granted the Government's motion to stay Herring's appeal pending the Supreme Court's disposition of U.S. v. Booker.

On January 12, 2005, the Supreme Court handed down Booker, which held the Guidelines to be "effectively advisory."  U.S. v. Booker, 125 S.Ct. 738, 757 (2005).  Booker applies to all cases pending on direct review.  Booker, 125 S.Ct. at 769.  On July 15, 2005, the Ninth Circuit issued an opinion addressing Herring's appeal of his sentence under Booker.  It

RE-SENTENCING ORDER

1 determined that although this Court agreed to enhance Herring's sentencing range, and
2 subsequently used its limited discretion to sentence him to the highest available sentence of the
3 higher range, it could not "determine whether the district court would have imposed a materially
4 [lower] sentence if had known the Guidelines were advisory."[1]  U.S. v. Herring, No. 04-30039,
5 2005 WL 1653879 at *2 (9th Cir. July 15, 2005) (citing U.S. v. Ameline, 409 F.3d 1073,
6 1084–85 (9th Cir. 2005) (en banc)).

7     Upon review of the prior sentencing proceedings, the record, and the parties' arguments
8 regarding the instant motion to schedule a re-sentencing hearing, this Court determines that it
9 would have given defendant the same sentence under an advisory guidelines regime.  For the
10 reasons that follow, this Court affirms its previous sentence and denies the motion to schedule a
11 re-sentencing hearing.

12
13 **II.  DISCUSSION**
14 **A.     Reconsideration of a Sentence under Ameline.**

15     The Supreme Court in Booker indicated that it expected "reviewing courts to apply
16 ordinary prudential doctrines, determining, for example, whether the issue was raised below and
17 whether it fails the 'plain-error' test."  Booker, 125 S.Ct. at 769.  The Ninth Circuit determined
18 that, upon an indication that defendant sought resentencing, "we will then engage in the plain
19 error analysis described in this opinion."  Ameline, 409 F.3d at 1084.  If the appellate court then
20 is unable "to reliably determine from the record whether the sentence imposed would have been
21 materially different had the district court known that the Guidelines were advisory, [it] will
22 remand to the sentencing court *to answer that question*."  Id. (emphasis added).  This procedure
23 constitutes a limited remand, and results in the vacation of the defendant's sentence only if the

---

25     [1] The Ninth Circuit's opinion read "materially *different* sentence," but because it was
26 addressing Herring's appeal, this Court assumes that the relevant concern is that the sentence might have been lower.

RE-SENTENCING ORDER

1  district court then answers that question in the affirmative.  Id. at 1085; see also Herring, 2005
2  WL 1653879 at *5 ("[W]e grant a limited remand pursuant to Ameline.").
3        The Ninth Circuit further held that, in answering this question, the district court should
4  solicit the "views of counsel, at least in writing." Ameline, 409 F.3d at 1085 (quoting U.S. v.
5  Crosby, 397 F.3d 103, 120 (2nd Cir. 2005).  The Crosby opinion, on which the Ninth Circuit
6  leans heavily in Ameline, states explicitly that the district court "'need not' require the presence
7  of the Defendant."  Crosby, 397 F.3d at 120 (citing Fed. R. Crim. P. 43 (b)(3) (describing for
8  which types of proceedings a defendant's presence is necessary)).  See also Ameline, 409 F.3d
9  at 1075 ("In essence, we elect to follow the approach adopted by the Second Circuit in
10 [Crosby].").  Upon its determination that the sentence would not have materially differed if the
11 Guidelines had been advisory, this Court must "place on the record a decision not to resentence,
12 with an appropriate explanation."  Ameline, 409 F.3d at 1085.  See, e.g., U.S. v. O'Kelley, No.
13 A02-0067 CR, 2005 WL 1799510 (D. Alaska July 28, 2005) (giving appropriate explanation for
14 denying modification of sentence, and denying motion for re-sentencing hearing, where previous
15 sentence was set at statutory maximum).
16
17 **B.    Facts and Proceedings from First Sentencing.**
18       At Herring's original sentencing, the probation office provided a Pre-Sentence Report
19 ("PSR") that recommended a sentence of 105 months' imprisonment followed by three years'
20 supervised release.  The report recommended a criminal history category of VI and a total
21 offense level of 22.  This Court accepted the findings of fact in the PSR as proven by a
22 preponderance of the evidence.  This continues to be the post-*Booker* standard of proof for
23 sentencing factors.  See McReynolds v. U.S., 397 F.3d 479, 481 (7th Cir. 2005).  Herring
24 objected at the sentencing hearing to only the stolen gun sentencing enhancement based on the
25 lack of mens rea, an argument this Court rejected.  Based on the testimony at trial and the
26 conclusions in the PSR, the Court concluded by a preponderance of the evidence that the gun

RE-SENTENCING ORDER

1  was stolen, a fact uncontroverted by Herring. This fact enhanced Herring's offense level by
2  two, to a total of 22. USSG § 2K2.1(b)(4).

3      At his sentencing and now, in his motion to schedule re-sentencing,[2] Herring argues that
4  there was "[n]o evidence . . . that Herring had knowledge that the firearm was stolen." In fact,
5  Herring explains, the gun was reported stolen while Herring was imprisoned for another crime.
6  This argument is precluded by precedent. See United States v. Goodell, 990 F.2d 497, 799 (9th
7  Cir. 1993); see also Herring, 2005 WL 1653879 at *5 ("[W]e have already rejected that very
8  argument."). Due process does not require Herring's awareness that the gun was stolen, nor is
9  due process offended by Herring's exposure to a different sentence based on this fact. Goodell,
10 990 F.2d at 499–500.

11     The government proved by a preponderance of the evidence the facts underlying
12 Herring's criminal history category of VI and his total offense level of 22, yielding a sentencing
13 range of imprisonment between 84 and 105 months.

14

15 **C.     Consideration of Other Factors.**

16     Herring's supplemental memorandum offers no reason why under an advisory Guidelines
17 regime, this Court would be inclined to sentence Herring differently. Importantly, he has failed
18 to present any information prohibited or limited under the previously mandatory 5K and 5H
19 policy statements. See, e.g., USSG 5K2.0(d) (enumerating prohibited departures). Rather,
20 Herring has simply renewed arguments previously rejected by this Court.

21     For the foregoing reasons, Herring's Motion to Schedule Re-Sentencing Hearing is
22 DENIED. The Court determines that Herring's sentence under advisory Guidelines would not

23

---

24     [2] The written submittal by Herring's trial attorney, Peter Camiel, and the response by the
25 Assistant United States Attorney, Norman Barbosa, satisfy the requirement that the Court have
   the "views of counsel, at least in writing" on the issue of whether the sentence would have been
26 materially different.

RE-SENTENCING ORDER

1 have materially differed from the pre-<u>Booker</u> sentence, and therefore the previous sentence is
2 affirmed.

5      DATED this 15th day of September, 2005.

                                                    _____
                                                    Robert S. Lasnik
                                                    United States District Judge

RE-SENTENCING ORDER